U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

*PAUL J. FISHMAN*
*United States Attorney*

*ERIN M. FAY*
*Special Assistant United States Attorney*

*CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE* *856/757-5026*
*401 Market Street, 4th Floor* *Fax: 856/968-4917*
*Post Office Box 2098*
*Camden NJ 08101-2098*

December 9, 2015

EMF-JMR:2012R00697
Plea Agreement 4

Alan Dexter Bowman, Esquire
Gateway One, Suite 105
Newark, NJ 07102

Re: Plea Agreement with Keith Jackson

Dear Mr. Bowman:

This letter sets forth the plea agreement between your client, Keith Jackson, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from defendant Keith Jackson to a Superseding Information which charges Keith Jackson with conspiracy to distribute and possess with intent to distribute a quantity of heroin, contrary to 21 U.S.C. §§ 841(b)(1)(C), in violation of 21 U.S.C. § 846. If Keith Jackson enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Keith Jackson for his role in the conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), in violation of Title 21, United States Code, Section 846, between January 2012 and April 2013. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Keith Jackson may be commenced against him, notwithstanding the expiration of the limitations period after Keith Jackson signs the agreement.

Sentencing

The violation of 21 U.S.C. § 846 to which Keith Jackson agrees to plead guilty carries a statutory maximum prison sentence of 20 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $1,000,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Keith Jackson is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Keith Jackson ultimately will receive.

Further, in addition to imposing any other penalty on Keith Jackson, the sentencing judge: (1) will order Keith Jackson to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Keith Jackson to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Keith Jackson, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) may deny Keith Jackson certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; (5) must order forfeiture pursuant to 21 U.S.C. § 853; and (6) pursuant to 21 U.S.C. § 841 must require Keith Jackson to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Keith Jackson be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Keith Jackson may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Keith Jackson by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the

sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Keith Jackson's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Keith Jackson agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Keith Jackson from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Keith Jackson waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Keith Jackson agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853: Keith Jackson will forfeit to the United States the approximately $213,695 in United States currency that was seized on or about April 9, 2013 (collectively the "Forfeitable Property"). Defendant acknowledges that the $213,695 is subject to forfeiture as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 841(a)(1) and property that was used or intended to be used, in any manner or part, to commit or to facilitate the commission of a violation of 21 U.S.C. § 841(a)(1).

All right, title, and interest in the Specific Assets, and all proceeds traceable thereto, shall be transferred or delivered to the United States Marshals Service on or before the date the defendant enters his plea of guilty pursuant to this agreement.

Keith Jackson further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Keith Jackson agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Keith Jackson understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Keith Jackson hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense(s) will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Keith Jackson. This agreement does not

prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Keith Jackson.

No provision of this agreement shall preclude Keith Jackson from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Keith Jackson received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Keith Jackson and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

BY: ERIN M. FAY
Special Assistant U.S. Attorney

APPROVED:

R. STEPHEN STIGALL
Attorney-in-Charge, Camden

    I have received this letter from my attorney, Alan Dexter Bowman, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

KEITH JACKSON Date: 12-23-15

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

ALAN DEXTER BOWMAN, ESQUIRE Date: 12-27-15

Plea Agreement With Keith Jackson

Schedule A

1.  This Office and Keith Jackson recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Keith Jackson nevertheless agree to the stipulations set forth herein.

2.  The version of the United States Sentencing Guidelines effective November 1, 2014 applies in this case.

Count 1 – Conspiracy to Distribute Controlled Dangerous Substances

3.  As a result of this offense, Keith Jackson is responsible for distributing and possessing with intent to distribute more than 400 grams but less than 700 grams of heroin. This results in a Base Offense Level of 26. See U.S.S.G. § 2D1.1(c)(7).

4.  Accordingly, the adjusted offense level for Count 1 is 26.

5.  The above calculation notwithstanding, the parties agree that it is possible that Keith Jackson qualifies as a "career offender" pursuant to U.S.S.G. § 4B1.1. Specifically, Keith Jackson acknowledges that prior to April 9, 2013 he was convicted of the following offenses:

   a. Possession of CDS with Intent to Distribute, in Superior Court of the State of New Jersey (Camden County) (Acc. No. A-843-03-02), and was sentenced on or about April 26, 2002 to three years' confinement; and

   b. Distribution and/or Possession with Intent to Distribute CDS, in Superior Court of the State of New Jersey (Camden County) (Ind. No. I-1507-5-08), and was sentenced on or about April 29, 2009 to three years' confinement.

If Keith Jackson is a career offender, then the Offense Level is 32 because the statutory maximum is 20 years' imprisonment for the current offense. See U.S.S.G. § 4B1.1(b).

6.  As of the date of this letter, Keith Jackson has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if

Keith Jackson's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Keith Jackson has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Keith Jackson's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Keith Jackson enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Keith Jackson's acceptance of responsibility has continued through the date of sentencing and Keith Jackson therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Keith Jackson's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Keith Jackson is 29 if he is a career offender and 23 if he is not a career offender (the "agreed total Guidelines offense level").

9. The parties agree not to seek or argue for any upward or downward departures (at Step II of Sentencing), adjustments or variances not set forth herein. Keith Jackson reserves the right to move for a reduced sentence pursuant to the relevant factors outlined in 18 U.S.C. § 3553(a)(1) and (2) (at Step III of Sentencing). The United States reserves its right to oppose any such application and recommend any reasonable sentence.

10. Keith Jackson knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 29, criminal history category VI. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 29, criminal history category VI. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

ARS 12-23-15

(1) Defendant retains the right to challenge career offender

KJ 12-23-15

(2) Defendant retains the right to ask for departure on policy grounds

(3) Defendant retains the right to appeal career offender

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.